IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARK BOCHRA, | § | |
| | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | No. 3:26-cv-2303-X-BK |
| | § | |
| U.S. DEPARTMENT OF EDUCATION, *et al.* | § | |
| | § | |
| | § | |
| *Defendants*. | § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

The United States Magistrate Judge made findings, conclusions, and a recommendation (FCR) in this case. (Doc. 6). Plaintiff Mark Bochra filed an objection. (Doc. 8). Although the Court is only required to conduct a *de novo* review of the portions of the FCR to which an objection was made,[1] because of the difficulty determining exactly which parts of the FCR Bochra objected to, the Court conducted a *de novo* review of the FCR in its entirety.

As best the Court can tell, Bochra objects to the Magistrate Judge's recommendation because he believes she is either biased or willfully ignorant. He claims that the Magistrate Judge demonstrated "evil motives" in her FCR by "pretend[ing] she didn't read" Bochra's lawsuit, "stalk[ing] [Bochra's] cases" and

[1] 28 U.S.C. § 636(b)(1).

forming her own bias, or "pretend[ing] she d[idn't] understand what his lawsuit was about."[2] Such ad hominem attacks such are unworthy of any credence.

Bochra also objects to Magistrate Judge Toliver's reference to other federal courts as "sister court[s]."[3] Judge Toliver's reference to "sister courts" does not "implicat[e] the Northern District of Texas . . . in the crimes of" Defendants; rather, it merely recognizes that federal courts across the nation are entitled to due respect.[4] And despite Bochra's calls for a new judicial code, discussions of FBI operations, analogies to biblical stories, and (thorough) explanation of his background,[5] he nowhere addresses the legal conclusions of the FCR.

The Court is sympathetic to individuals facing adverse legal action because of their religious beliefs. However, to obtain legal relief, victims of religious discrimination must plead cognizable claims, follow rules of the court(s) in which they file their claims, and subsequently prove discrimination truly occurred. Bochra has done none of these things. Accordingly, the Court **OVERRULES** his objection.

Having conducted a *de novo* review of the FCR, and finding no error, the Court **ACCEPTS** the FCR and **ADOPTS** its findings, conclusions, and recommendation. Bochra is hereby **BARRED** from filing future actions in this Court unless he first (1) pays the $1,000 outstanding monetary sanction in the Northern District of Illinois

---

[2] Doc. 8 at 3.

[3] *Id.* at 1.

[4] *See, e.g.*, *In re Cragar Industries, Inc.*, 706 F.2d 503, 505 (5th Cir. 1983) (referring to different district courts as "sister courts"); *see also In re DaimlerChrysler Corp.*, 294 F.3d 697, 699 (5th Cir. 2002) (same).

[5] Doc. 8 at 6, 10, 13–16.

and the $500 outstanding monetary sanction in the Seventh Circuit Court of Appeals, and second (2) obtains leave of this Court prior to any future filings. The Court will not review any case Bochra files, removes, or transfers without the applicable filing fee and obtaining leave of court. And all of Bochra's future submissions to the Court are **LIMITED** to 15 pages. The Court **DISMISSES WITHOUT PREJUDICE** Bochra's claims.

**IT IS SO ORDERED** this 1st day of September, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE