IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARK BOCHRA,<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION, *et al.*,<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:26-cv-2303-X-BK |

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION FOR RECONSIDERATION**

Before the Court is Plaintiff Mark Bochra's Motion for Reconsideration (the Motion) (Doc. 13). Bochra filed the Motion after the Court accepted the Magistrate Judge's Findings, Conclusions, and Recommendation (FCR) that barred Bochra from filing future actions unless he paid outstanding sanctions and obtained leave of the court; limited Bochra's future submissions to fifteen pages; and dismissed without prejudice his claims.[1]

Bochra brought claims against, among others, Magistrate Judge Toliver, Judge Sykes, and Judge Pallmeyer, but he does not explain how their actions against him violate state or federal law. In this objection, Bochra asserts that Magistrate Judge Toliver abused her discretion because she took "judicial notice of disputed facts."[2] But Judge Toliver took judicial notice of *other courts' findings*; and she was well

[1] *See* Doc. 11.

[2] *See id.* at 12–13.

within her right to do so.[3] And while Bochra lists many judicial canons judges have allegedly violated, nowhere does he explain how their actions violated specific parts of the canons. Asserting allegations without providing substance does not make them true and does not equip the Court to rule in his favor.

As the Court noted in its Order accepting the FCR,[4] it is sympathetic to individuals who face adverse legal action because of their religious beliefs.[5] But Bochra still does not explain his legal claims or how the Court can address them. And Bochra failed to provide the Court with any substance to his objections. Accordingly, the Court **DENIES** his Motion.

**IT IS SO ORDERED** this 30th day of September, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

[3] *See Sparkman v. Charles Schwab & Co.*, 336 F. App'x 413, 415 (5th Cir. 2009) (citing *Gray ex rel. Rudd v. Beverly Enters. Miss., Inc.*, 390 F.3d 400, 408 n.7 (5th Cir. 2004)).

[4] *See* Doc. 11.

[5] The First Amendment and federal statutes exist to protect religious individuals in their right to religious free exercise, and the Court rules according to the law when valid and substantiated claims come before it.